**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Mar 07 2012, 8:52 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STANLEY L. CAMPBELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARQUIS T. HAWKINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1108-CR-441 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D04-1007-FC-166

**March 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Marquis Hawkins challenges his conviction for Class A misdemeanor Resisting Law Enforcement[1] by claiming there was insufficient evidence to demonstrate that he knowingly fled from authorities. We affirm.

## FACTS AND PROCEDURAL HISTORY

During the early morning hours of May 27, 2010, Fort Wayne Police Officer Juan Carlos Gutierrez observed a vehicle fail to signal upon making a turn in Fort Wayne. Hawkins, who had two passengers, was driving the vehicle. Officer Gutierrez observed the vehicle make another turn, hitting the curb as it did. Officer Gutierrez, who was in full police uniform, activated the red and blue lights on his fully marked squad car. Hawkins accelerated his vehicle in response and drove through a stop sign without stopping. Officer Gutierrez then activated his siren and called for backup. Hawkins increased his speed dramatically. Officer Gutierrez pursued Hawkins at speeds of up to fifty to sixty miles per hour and estimated that Hawkins was driving eighty to ninety miles per hour in a residential neighborhood. Hawkins continued to accelerate, so, due to safety concerns, Officer Gutierrez discontinued his pursuit.

Officer Gutierrez de-activated his lights and siren but continued in the direction of Hawkins's vehicle. Officer Gutierrez heard the sound of a crash, and upon arriving at the scene, saw Hawkins's vehicle had crashed into a house. Hawkins stepped out of the vehicle and ran away from the scene. Officer Gutierrez yelled "Stop!" and chased Hawkins between houses and through an alleyway. Officer Gutierrez ultimately found Hawkins hiding in some nearby bushes. Officer Gutierrez sought to apprehend Hawkins,

---

[1] Ind. Code § 35-44-3-3 (2009).

but Hawkins assumed a fighting stance. At that point Officer Gutierrez removed his taser and warned Hawkins to lie down and comply with his orders. Hawkins did not do so, so Officer Gutierrez deployed his taser. Officer Gutierrez used his taser for approximately five seconds, after which Hawkins stood back up and removed one of the taser probes. Officer Gutierrez struck Hawkins in the solar plexus, sprayed him with chemical spray, and continued to struggle to subdue him until backup arrived. At that point authorities were able to handcuff Hawkins.

On July 27, 2010, the State charged Hawkins with fourteen separate counts,[2] including Count VIII, Class A misdemeanor resisting law enforcement, based upon his fleeing from Officer Gutierrez; Count IX, Class A misdemeanor resisting law enforcement, based upon his resisting/obstructing/interfering with Officer Gutierrez's execution of his law enforcement duties; and Counts XII-XIV, Class B misdemeanor failure to stop after damage to property other than vehicle. The matter was tried to a jury, which found Hawkins guilty of Counts VIII, IX, and XII-XIV. The jury deadlocked on Counts I-VII, X, and XI. The trial court entered judgment of conviction on Counts VIII, IX, and XII-XIV and declared a mistrial on the remaining counts. Prior to retrial on these counts, the State filed additional charges, including Count XV, which alleged Class D

---

[2] Counts I and II alleged Class C felony criminal recklessness; Count III and IV, Class D felony operating a vehicle while intoxicated causing serious bodily injury; Counts V and VI, Class D felony operating a vehicle with a BAC of .08 or higher causing serious bodily injury; Counts VII, Class C felony resisting law enforcement causing bodily injury to another person; Counts VIII and IX, Class A misdemeanor resisting law enforcement; Counts X and XI, Class D felony failure to stop after an accident resulting in injury or death; Counts XII-XIV, Class B misdemeanor failure to stop after damage to property other than vehicle.

felony resisting law enforcement by fleeing through the use of a vehicle.[3]  On August 2, 2011, Hawkins pled guilty to several of these additional counts, specifically Counts XV, XVI, and XVIII, and the trial court entered judgment dismissing Counts I-VII, X, and XI, and later, Count XVII.

The trial court sentenced Hawkins to an aggregate four-year sentence. Specifically Hawkins received terms of one year for each of Counts VIII and IX; sixty days for each of Counts XII-XIV; three years for Count XV; and one year each for Counts XVI and XVIII.  The court ordered that the sentences for Counts VIII, IX, XII, XIII, and XIV run concurrently with one another and that the sentence for Count XV run consecutive to the sentences for the other counts.[4]  This appeal follows.

## DISCUSSION AND DECISION

Upon appeal, Hawkins challenges the sufficiency of the evidence to support his resisting law enforcement conviction in Count VIII.  Hawkins claims that the State failed to show that he knew he was fleeing from police officers when he stepped outside of his crashed vehicle and left the scene.

When evaluating the sufficiency of the evidence to support Hawkins's conviction, we do not reweigh the evidence or judge the credibility of the witnesses.  *Kien v. State,*

---

[3] The additional charges were Count XVI, Class A misdemeanor criminal recklessness; Count XVII, Class A misdemeanor operating a vehicle while intoxicated; and Count XVIII, Class A misdemeanor failure to stop after an accident resulting in injury or death.

[4] Although the trial court indicates in its order that the sentence for Count XV is to run concurrently with the sentences for Counts VIII, IX, XII, XIII, and XIV, XVI, and XVIII, it also says that the sentence for Count XV is to run consecutive to the sentences for Counts XVI and XVIII and that the aggregate sentence is four years.  We assume that the sentence for Count XV, therefore, is to run consecutive to the sentences for Counts VIII, IX, XII, XIII, and XIV, XVI, and XVIII.

782 N.E.2d 398, 407 (Ind. Ct. App. 2003), *trans. denied*. We consider only the evidence which supports the conviction and any reasonable inferences which the trier of fact may have drawn from the evidence. *Id*. We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt. *Id*. It is the function of the trier of fact to resolve conflicts of testimony and to determine the weight of the evidence and the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998).

Indiana Code section 35-44-3-3(a)(3) provides that a person who knowingly or intentionally flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself and ordered the person to stop, commits Class A misdemeanor resisting law enforcement.

Hawkins claims that Officer Gutierrez failed to identify himself as a police officer when pursuing him on foot. According to Hawkins, he therefore could have had no way of knowing that his flight was from police officers rather than, for example, some other bystander on the scene. We cannot accept this argument under the circumstances of this case. In the moments before Hawkins fled on foot, he was fleeing a fully marked police car—with its lights flashing and sirens wailing—at high speeds. There cannot have been a significant lapse in time between Hawkins's efforts to escape by car and on foot because Officer Gutierrez was close enough to the crash to hear it occur. The mere fact of Officer Gutierrez's hot pursuit and the lawless nature of Hawkins's getaway attempts

5

supports the reasonable inference that Hawkins knew the police would still be—and were—pursuing him after he crashed his car and ran away on foot a short time later. It would be a strange supposition indeed for a defendant to think that the moment he escapes the view of law enforcement authorities is the moment that they stop pursuing him. Further, the fact that Officer Gutierrez found Hawkins hiding beneath a bush also supports the fact that he knew authorities were still pursuing him. Based upon these facts and all reasonable inferences therefrom, we must conclude that Hawkins would have been fully aware that the persons chasing him after the accident were the very same persons—namely law enforcement authorities—chasing him before the accident.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.

.